CLD-142                                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 26-2171
_____

IN RE: MARY HOWE,
                                        Petitioner
_____

On a Petition for Writ of Mandamus to the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 5:26-cv-03089)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 4, 2026
Before:  BIBAS, PHIPPS, and NYGAARD, *Circuit Judges*

(Opinion filed June 23, 2026)
_____

OPINION[*]
_____

PER CURIAM

Mary Howe seeks a writ of mandamus directing the United States District Court

for the Eastern District of Pennsylvania to rule upon certain motions.  We will deny her

petition.

Howe's petition arises from the *pro se* lawsuit and request for emergency

injunctive relief she filed in early May on behalf of herself and her minor child against

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Berks County, its Housing Authority, and others ("defendants" or "respondents") under the Americans with Disabilities Act. She alleges that the defendants refused to extend housing accommodations she received upon the expiration of her Code Blue voucher, which allowed her to reside at a hotel when the weather was dangerously cold. She also claims that they reported her to a child welfare agency. Howe declined a transfer to a local shelter in April because she believes the environmental conditions would exacerbate her chronic health condition, opting instead to relocate to Lehigh County. Alongside her complaint, Howe demanded the immediate disbursement of $250,000 in "stabilization funds" and a freeze on more than $154 million in county assets. *See* ECF Docs. 6, 7.

At a hearing on her motion for a temporary restraining order, Howe disclaimed that she sought adequate shelter in lieu of money. The District Court denied her motion, reasoning that she was unlikely to succeed on the merits and that evidence of irreparable harm was scant. The court denied her motion for a preliminary injunction for the same reasons and because notice had not been provided to one of the shelter defendants. It dismissed her remaining demands as moot and without prejudice. Howe objected on various grounds and sought merits rulings on the disbursement and asset-freeze motions. The District Court then denied those motions for want of "any argument or authority upon which the Court could grant them." *See* ECF Doc. 24 ¶ 2. Howe now seeks a writ of mandamus compelling the District Court to reach a different conclusion. She also has filed emergency motions requesting a disbursement order directly from this Court. Respondents oppose that relief.

A writ of mandamus is a "drastic remedy" that may be granted only in "extraordinary circumstances in response to an act amounting to a judicial usurpation of power." *In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005) (citation omitted). Petitioners must show that they have no other adequate means to obtain the relief desired, that they have a clear and indisputable right to the writ, and that the writ would be appropriate under the circumstances. *See Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 89 (3d Cir. 1992); *see also Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (*per curiam*). Howe has not met her exacting burden.

In her petition, Howe contends that the District Court refuses to act upon her emergency motions for disbursement of funds and to freeze the county's assets. *See* C.A. 1 at 1. To the contrary, the court denied her motions on their merits. It did so without prejudice, however, expressly permitting her to "re-urge the motion upon a finding of a likelihood of her success on the merits or upon success on the merits." *See* ECF Doc. 24 ¶ 2. Thus, Howe still has adequate means to obtain her desired relief from the District Court. We decline to short-circuit that process because Howe has not demonstrated her immediate entitlement to $250,000. To the extent she believes that the District Court erred in denying her relief, we note that mandamus is not a substitute for appeal. *In re Kensington Intern. Ltd.*, 353 F.3d 211, 219 (3d Cir. 2003) (citations omitted). Accordingly, we will deny her petition for a writ of mandamus and we deny her emergency motions.